

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00158-CR

---

DENNIS ANDREW ALVARADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-19B-012, Honorable Roland D. Saul, Presiding

---

July 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In July of 2019, Dennis Andrew Alvarado, appellant, pleaded guilty to cruelty to a non-livestock animal.[1]  He was placed on deferred adjudication community supervision for five years and fined $2,500.  In January of 2020, the State filed a motion to revoke probation and proceed with adjudication of guilt, alleging multiple violations of the terms and conditions of appellant's community supervision.

---

[1] *See* TEX. PENAL CODE ANN. § 42.092 (West Supp. 2020).

At a hearing on the motion, appellant entered a plea of "true" to six of the State's allegations. The trial court heard evidence and determined that appellant violated six terms and conditions of community supervision, adjudicated him guilty of the original offense, and assessed punishment at eight years' confinement and a fine of $2,500. In presenting this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the *Anders* brief and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.